J-S52043-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BRYHEIM JONES | : | |
| | : | |
| Appellant | : | No. 2469 EDA 2019 |

Appeal from the PCRA Order Entered August 9, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002968-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BRYHEIM JONES | : | |
| | : | |
| Appellant | : | No. 2470 EDA 2019 |

Appeal from the PCRA Order Entered August 9, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002967-2017

BEFORE:  PANELLA, P.J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED DECEMBER 04, 2020**

Appellant, Bryheim Jones, appeals from the August 9, 2019, orders entered in the Court of Common Pleas of Philadelphia County dismissing his first petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A.

_____

[*] Former Justice specially assigned to the Superior Court.

§§ 9541-9546, without an evidentiary hearing. After a careful review, we affirm.

The relevant facts and procedural history are as follows: The Commonwealth filed two Informations charging Appellant with numerous crimes in connection with two separate shooting incidents. The cases were consolidated and, on June 16, 2017, Appellant, who was represented by counsel, entered a negotiated guilty plea.

Specifically, at docket number CP-51-CR-0002967-2017, Appellant pled guilty to aggravated assault, robbery, and possession of a firearm prohibited.[1] At docket number CP-51-CR-0002968-2017, Appellant pled guilty to aggravated assault and possession of a firearm prohibited.[2] In exchange, the Commonwealth agreed to *nolle pros* all remaining charges.

At the June 16, 2017, guilty plea hearing, the following relevant exchange occurred between the trial court and Appellant:

> THE COURT: [Appellant], I understand you want to plead guilty on two different cases before me. Both of them involve aggravated assault as a felony of the first degree. They both also involve violations of the Uniform Firearms Act, 6105, misdemeanors of the first degree. And one of the matters has the additional charge, robbery as a felony of the first degree. Is that your understanding?
>
> [APPELLANT]: Yes.

---

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 3701(a)(1)(i), and 6105(a)(1), respectively.

[2] 18 Pa.C.S.A. §§ 2702(a)(1) and 6105(a)(1), respectively.

THE COURT: [Appellant], your attorney tells me she has gone over both of these written guilty plea colloquies with you. Is that accurate?

[APPELLANT]: Yes.

THE COURT: Did you understand everything in each document, sir?

[APPELLANT]: Yes.

THE COURT: Is that why you signed both of them?

[APPELLANT]: Yes.

THE COURT: [Appellant], I understand you went through the 11th grade, and you're 20 years of age?

[APPELLANT]: Yes.

THE COURT: Do you read, write, and understand the English language?

[APPELLANT]: Yes.

THE COURT: Have you ever been treated for any mental health issues?

[APPELLANT]: No.

THE COURT: Are you thinking clearly today?

[APPELLANT]: Yes.

THE COURT: Are you under the influence of any drugs or alcohol?

[APPELLANT]: No.

THE COURT: Have you taken any medication in the last week?

[APPELLANT]: No.

THE COURT: Do you understand, [Appellant], that if you wanted to you could have gone to trial before a judge or a jury?

[APPELLANT]: Yes.

THE COURT: And you would have been presumed to be innocent until a verdict was reached?

[APPELLANT]: Yes.

THE COURT: But by pleading guilty, you'll lose the presumption of innocence. So, I'll most likely accept your pleas and then find you guilty. Do you understand?

[APPELLANT]: Yes.

THE COURT: Has your attorney gone over the facts of each case with you?

[APPELLANT]: Yes.

THE COURT: Has she explained to you the elements of all the charges that I just descried you pleading guilty to?

[APPELLANT]: Yes.

THE COURT: Do you understand that you faced, in combination of all five charges, up to 70 years in prison and up to $85,000 in fines?

[APPELLANT]: Yes.

THE COURT: Now, sir, after you plead guilty and I eventually sentence you today—well, in a couple weeks, you'll be able to appeal my sentence. But your appellate rights will be severely limited, and you're not likely to be successful in any future appeal. Do you understand?

[APPELLANT]: Yes.

THE COURT: That means the sentence that I will eventually impose will most likely take effect, and the only thing that will remain will be completing that sentence. Do you understand, sir?

[APPELLANT]: Yes.

THE COURT: And that's because you can only appeal a guilty plea on three very limited grounds. The first of those three grounds is called the voluntariness of your plea. So, that's what I'm going to ask you, sir. Are you pleading guilty of your own free will?

[APPELLANT]: Yes.

THE COURT: Has anybody forced or threatened you?

[APPELLANT]: No.

THE COURT: Did you make the final decision?

[APPELLANT]: Yes.

THE COURT: You can see, [Appellant], why it's so hard to win an appeal on the first ground based on the responses you just gave me on the record. Right?

[APPELLANT]: Yes.

*** 

THE COURT: Okay. Do you have any questions at all of [your defense counsel] or I [*sic*]?

- 4 -

[APPELLANT]: No.

THE COURT: Are you satisfied with your lawyer's representation thus far?

[APPELLANT]: Yes.

THE COURT: Do either counsel know of any reason not to accept these pleas?

[DEFENSE COUNSEL]: No, Your Honor.

[ASSISTANT DISTRICT ATTORNEY]: No, Your Honor.

THE COURT: Lastly, [Appellant], I understand that you have negotiated a plea. And I'm going to accept the negotiation [be]cause I know how hard your attorney worked to try to get a reasonable sentence on these matters. It's my information that you're going to get six to 20 years on the aggravated assaults on each of them and the robbery. But I'm going to have all those charges be served concurrently, or just one time. So, on aggravated assault, robbery, and aggravated assault, your sentence is going to be six to 20 years. Do you understand that?

[APPELLANT]: Yes.

THE COURT: Credit for time served, of course. On the violation of the Uniform Firearms Act on each case, you're going to get two-and-a-half to five years. But that's going to be consecutive to the six to 20, which will make your total sentence eight-and-a-half to 25. Do you understand that?

[APPELLANT]: Yes.

THE COURT: And, of course, you'll get credit for time served. Whatever time you've been in will come off the eight-and-a-half. Understood?

[APPELLANT]: Yes.

THE COURT: Is that the sentence you believe you negotiated?

[APPELLANT]: Yes.

THE COURT: And you are willing to accept?

[APPELLANT]: Yes.

N.T., 6/16/17, at 6-10, 14-15.

At the guilty plea hearing, the Commonwealth provided the factual basis for the guilty pleas. Specifically, as to docket number CP-51-CR-0002967-2017, on November 11, 2016, David Martin was on the streets of Philadelphia attempting to purchase crack cocaine. *Id.* at 16. On Tioga Street, he encountered Appellant and engaged in a conversation about buying crack cocaine. *Id.* Appellant told Mr. Martin to go around the corner to Braddock Street and wait for him between two parked cars. *Id.* at 17. Appellant met Mr. Martin at the location, pistol-whipped him, and demanded his wallet. *Id.* Appellant then took a few steps, turned back towards Mr. Martin, and shot him three times in the stomach, as well as once in the arm. *Id.* Mr. Martin required surgery, but he survived the shooting and identified Appellant from a photo array. *Id.* at 17-18.

As to docket number CP-51-CR-0002968-2017, on November 13, 2016, the police responded to the corner store on the 1900 block of East Tioga, which is one block from the intersection of Tioga and Braddock Streets, for a report of gunshots. *Id.* at 18-19. Video surveillance footage from the store showed Appellant inside of the store and then outside of the store discharging his firearm. *Id.* at 19. The video footage also showed Appellant aiming at a specific individual and shooting him in the upper leg. *Id.* Appellant later confessed to the police that he was the shooter in the video. *Id.* Furthermore, the Commonwealth noted Appellant had a prior juvenile adjudication for

aggravated assault, thus making him ineligible to possess a firearm. *Id.* at 20.

The trial court asked Appellant if the facts were "substantially correct," and Appellant responded affirmatively. *Id.* Appellant then entered his guilty plea to each of the crimes indicated *supra*, and the trial court indicated it would defer imposing the negotiated sentence so that Appellant could remain at the local county prison to say goodbye to his family. *Id.* at 20-22. The trial court asked Appellant if he wanted to "plead guilty for the negotiations," and Appellant responded affirmatively. *Id.* at 25-26.

Moreover, on this same date, Appellant executed written guilty plea colloquies. Therein, Appellant indicated: "Nobody promised me anything or threatened me or forced me to plead guilty. I, myself, have decided to plead guilty." Written Guilty Plea Colloquies, filed 6/16/17. Further, he indicated: "I am satisfied with the advice and service I received from my lawyer. My lawyer spent enough time on my case and I had enough time to talk with my lawyer about the case. My lawyer left the final decision to me and I decided myself to plead guilty." *Id.*

On July 12, 2017, Appellant, who was represented by counsel, appeared for the sentencing hearing. The trial court imposed the negotiated sentence agreed upon by Appellant and the Commonwealth. Namely, the trial court sentenced Appellant to six years to twenty years for each count of aggravated assault and robbery; however, the trial court imposed the sentences

concurrently. The trial court also sentenced Appellant to two-and-a-half to five years for one count of possession of a firearm prohibited, with the sentence to run consecutively to the other sentences imposed, and two-and-a-half to five years for the other count of possession of a firearm prohibited, with the sentence to run concurrently to the other sentences imposed. Thus, the trial court imposed an aggregate sentence of eight-and-a-half to 25 years in prison. Appellant acknowledged this was the agreed upon sentence. N.T., 7/12/17, at 10. The trial court provided Appellant with his post-sentence and appeal rights.

Appellant filed neither a timely post-sentence motion nor a direct appeal. However, on or about July 17, 2018, he filed a timely *pro se* PCRA petition, and the PCRA court appointed counsel, who filed an amended PCRA petition.

On June 28, 2019, the PCRA court provided Appellant with notice of its intent to dismiss the PCRA petition without an evidentiary hearing, and on August 9, 2019, the PCRA court dismissed the petition. This timely, counseled appeal followed.[3] All Pa.R.A.P. 1925 requirements have been met.

On appeal, Appellant sets forth the following sole issue in his "Statement of Question Involved" (verbatim):

> I. Did the trial court err in denying the appellant an evidentiary hearing when appellant asserted in his PCRA petition that trial

---

[3] Appellant filed separate notices of appeal at each lower court docket number. This Court consolidated the appeals.

defense counsel coerced the appellant's guilty plea thereby rendering the appellant's guilty plea involuntary?

Appellant's brief at 2.

On appeal, Appellant claims his guilty plea was involuntarily entered and coerced by defense counsel. Specifically, Appellant claims he pled guilty only because defense counsel informed him that, if he proceeded to trial, she could not effectively represent him. Appellant's Brief at 6. He contends this constitutes ineffective assistance of counsel, and the PCRA court erred in failing to hold an evidentiary hearing on the issue.

Initially, we note our standard of review is well settled. "When reviewing the denial of a PCRA petition, we must determine whether the PCRA court's order is supported by the record and free of legal error." *Commonwealth v. Anderson*, 234 A.3d 735, 737 (Pa.Super. 2020).

Appellant contends plea counsel was ineffective. "Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Moser*, 921 A.2d 526, 531 (Pa.Super. 2007) (quotation marks and quotation omitted). To establish ineffectiveness, a petitioner bears the burden of pleading and proving that "(1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for h[er] action nor inaction; and (3) the petitioner suffered actual prejudice as a result." *Commonwealth v. Spotz*, 624 Pa. 4, 84 A.3d 294, 311 (2014).

At a minimum, a plea colloquy must inform the defendant of: (1) the nature of the charges; (2) the factual basis for the plea; (3) the right to be tried by a jury; (4) the presumption of innocence; (5) the permissible range of sentences; and (6) the fact that the judge is not bound by the terms of any plea agreement. *Commonwealth v. Bedell*, 954 A.2d 1209, 1212 (Pa.Super. 2008). When the record clearly demonstrates that a guilty plea colloquy was conducted, during which it becomes evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established. *Commonwealth v. McCauley*, 797 A.2d 920, 922 (Pa.Super. 2001).

Moreover:

The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

***

A criminal defendant who elects to plead guilty has a duty to answer questions truthfully. We [cannot] permit a defendant to postpone the final disposition of his case by lying to the court and later alleging that his lies were induced by the prompting of counsel.

*Commonwealth v. Turetsky*, 925 A.2d 876, 881 (Pa.Super. 2007) (citations and quotation omitted).

In the case *sub judice*, we conclude Appellant has failed to demonstrate that his plea was involuntary. At Appellant's plea hearing, the trial court

engaged in a colloquy with Appellant in which it discussed the above requirements. ***See generally*** N.T., 6/16/17. ***See Bedell***, ***supra*** (setting forth minimum requirements). Furthermore, Appellant signed written guilty plea colloquies confirming his understanding of these requirements. Moreover, he indicated his understanding of the fact that, as a result of the negotiated plea agreement, he would receive an aggregate sentence of eight-and-a-half to 25 years in prison. Also, the trial court established that Appellant was competent to enter into the plea.

More relevant to Appellant's instant claim, Appellant affirmed that no other promises or threats had been made to him. He indicated no one forced him to plead guilty, and it was his decision to do so. He acknowledged that he was satisfied with his counsel's representation, and he had read and signed the written guilty plea colloquies. In signing the written guilty plea colloquies, Appellant affirmed that no one had promised him anything or threatened or forced him to plead guilty. ***See*** Written Guilty Plea Colloquies, filed 6/16/17. Additionally, he acknowledged he had sufficient time to confer with his attorney, and the decision to plead guilty was his alone. ***See id.***

In light of the statements Appellant made on the record at his guilty plea hearing, as well as in his written guilty plea colloquies, it is clear that his plea was entered knowingly, voluntarily, and intelligently. Appellant is bound by his statements, and he may not now assert grounds for withdrawal that contradict the statements. ***See Turetsky***, ***supra***. Accordingly, there is no

merit to Appellant's ineffective assistance of counsel claim, and the PCRA court did not err in denying the PCRA petition on this basis.

Finally, as it pertains to Appellant's claim that the PCRA court erred in denying his petition without an evidentiary hearing, we note "[t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." **Commonwealth v. Jones**, 942 A.2d 903, 906 (Pa.Super. 2008). In the case *sub judice*, the PCRA court properly concluded that Appellant did not raise a genuine issue of material fact, and the PCRA court did not otherwise abuse its discretion in failing to hold a hearing.

For all of the foregoing reasons, we affirm.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/4/20